

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2008

# Schettino v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Schettino v. Comm Social Security" (2008). *2008 Decisions.* Paper 468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4745
_____

JOSEPH SCHETTINO,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cv-0628)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2008

Before:   BARRY, AMBRO, and JORDAN, *Circuit Judges*,

(Filed September 29, 2008)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Joseph Schettino appeals from the District Court's decision affirming the Commissioner of Social Security's denial of his request for disability insurance benefits for the period of March 26, 2001 through May 12, 2002. We will affirm.

## I.      Background

Because we write solely for the parties, we assume familiarity with the case and discuss only those facts necessary to our decision. Schettino alleges that he was disabled between March 26, 2001 and May 12, 2002 due to a combination of back and knee problems, obesity, gastrointestinal reflux disease, and non-Hodgkin's lymphoma.[1] The ALJ found, in step three of his analysis, that Schettino's impairments, while severe, did not meet the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.[2] The ALJ further found that Schettino possessed the residual functional capacity to perform only sedentary work. That finding led the ALJ to conclude in step four that Schettino could not have performed his past relevant work as a baker and cake decorator during the time period at issue. However, the residual functional capacity finding, taken in

----

[1]In a decision prior to the decision now on appeal, the ALJ determined that Schettino was entitled to disability insurance benefits as of May 13, 2002. The issue in this appeal is whether he was entitled to benefits before that date.

[2]Although the ALJ did not explicitly state at step two that Schettino's non-Hodgkin's lymphoma was severe, the ALJ considered in step three whether Schettino's impairments met the criteria in Listing 13.05A for non-Hodgkin's lymphoma.

conjunction with Schettino's age, education, and work experience, led the ALJ to conclude in step five that Schettino was not disabled during that period.

The Appeals Council denied Schettino's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. Schettino sought review by the District Court. After the District Court affirmed the Commissioner's decision, Schettino filed this appeal.

## II. Discussion[3]

On appeal, Schettino argues that the ALJ's step three analysis was flawed in three ways. First, he alleges that the ALJ failed to take his obesity into account when determining whether his impairments met the criteria for a listed impairment. Second, he alleges that the ALJ failed to consider the combined effect of all of his impairments when determining whether they met the criteria for a listed impairment. Third, he argues that the ALJ's step three analysis was so conclusory as to prevent meaningful judicial review. We disagree on all counts. The ALJ explicitly stated that he had taken Schettino's obesity into consideration under step three, but nevertheless found that Schettino's impairments did not, alone or in combination, meet the criteria of a listed impairment. In particular, the ALJ found that Schettino's impairments did not meet the criteria set forth in 20 C.F.R.

---

[3]The District Court had jurisdiction under 42 U.S.C. § 405(g) and we have jurisdiction under 28 U.S.C. § 1291. Like the District Court, our role on appeal is to determine whether substantial evidence supports the Commissioner's decision. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

3

Pt. 404, Subpt. P, App. 1, Section 1.00 for the musculoskeletal system and, specifically, did not meet the criteria set forth in Listing 1.02 because the evidence of record did not demonstrate that Schettino was unable to ambulate effectively. The ALJ also found that Schettino's impairments did not meet the criteria set forth in Section 13.00 and, specifically, did not meet Listing 13.05A for non-Hodgkin's lymphoma.

Not only are those findings capable of judicial review, we have reviewed them and we conclude that they are supported by substantial evidence. For example, among the medical evidence summarized by the ALJ is a report from Dr. Potashnik, who noted that Schettino walked without an assistive device. Because "ineffective ambulation" is defined in Section 1.00 as "having insufficient lower extremity functioning ... to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities," the ALJ's conclusion that Schettino could ambulate effectively, and therefore could not meet the criteria in Listing 1.02, is supported by substantial evidence. Also reviewable and supported by substantial evidence is the ALJ's finding that Schettino's impairments did not meet the criteria set forth in Listing 13.05A for non-Hodgkin's lymphoma because there was no evidence in the record that Schettino had had "[i]ntermediate or high-grade lymphoma persistent or recurrent following initial antineoplastic therapy" or "[l]ow-grade or indolent lymphoma

requiring initiation of more than one antineoplastic treatment regimen within a consecutive 12-month period."[4]

Schettino next argues that the ALJ failed to articulate a rationale underlying his finding that Schettino possessed the residual functional capacity to perform sedentary work. Again, we disagree. The ALJ extensively discussed the medical evidence in the record and, based on that evidence, found that Schettino could perform sedentary work because he could lift ten pounds, stand or walk for two hours, and sit for six hours. The ALJ's finding is supported by substantial evidence, including a report authored by a physician from New Jersey's Disability Determination Services, who opined that Schettino was able to stand or walk for at least two hours, as well as sit for six hours, in an eight-hour workday and occasionally lift twenty pounds.[5]

---

[4]Perhaps recognizing that substantial evidence supports that finding, Schettino argues that, while his impairments "may or may not" meet Listing 13.05, the ALJ's step three analysis was nevertheless flawed because the ALJ erroneously failed to categorize Schettino's non-Hodgkin's lymphoma as "severe" at step 2. (Appellant's Brief at 17.) However, even assuming that was error, it was harmless because the ALJ specifically analyzed in step three whether Schettino's impairments met the criteria set forth in Listing 13.05A for non-Hodgkin's lymphoma and found that they did not.

[5]Schettino nevertheless argues that the ALJ's finding that he possessed the residual functional capacity to perform sedentary work on May 12, 2002 "ignore[s] the benefits of hindsight" because the ALJ determined in a previous decision that Schettino was entitled to disability insurance benefits as of May 13, 2002, a day later. (Appellant's Brief at 23.) But the ALJ's determination that Schettino was entitled to benefits as of May 13, 2002 was not the result of a finding that Schettino's residual functional capacity had deteriorated as of that date. Instead, the ALJ found that Schettino became an individual "closely approaching advanced age" on May 13, 2002, which, combined with findings regarding his education and prior work experience and the finding that he could perform sedentary work, led the ALJ in step 5 to conclude under the pertinent regulation that

## III. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

---

Schettino was disabled as of that date. *Compare* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rule 201.14 (individual "closely approaching advanced age" with sedentary residual functional capacity and Schettino's education and previous work experience should be deemed "disabled"), *with id.* at Rule 201.21 ("younger individual" with sedentary residual functional capacity and Schettino's education and previous work experience should be deemed "not disabled").